Filed 4/18/13  P. v. Dunn CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>     v.<br><br>ERIC CHRISTOPHER DUNN,<br><br>     Defendant and Appellant. | D062172<br><br><br><br>(Super. Ct. No. SCD235274) |

APPEAL from a judgment of the Superior Court of San Diego County, Howard H. Shore, Judge.  Affirmed as modified, with directions.

A jury convicted Eric Christopher Dunn of robbery with the use of a knife.  (Pen. Code,[1] §§ 211 & 12022, subd. (b)(1).)  Dunn admitted three prison priors (§ 667.5, subd. (b)); two serious felony prior convictions (§ 667, subd. (a)(1); and 14 strike priors (§ 667, subds. (b)-(i)).

---

[1]     All further statutory references are to the Penal Code unless otherwise specified.

The trial court denied Dunn's motion to strike at least 13 of the strike priors and sentenced him to an indeterminate term of 25 years to life plus one year for the use of the knife and 10 years for the two serious felony prior convictions.

Dunn appeals contending the trial court failed to obtain a proper waiver of Dunn's trial rights regarding his prior convictions, that the court abused its discretion in denying his request to strike 13 of his strike priors and that the abstract of judgment must be corrected. The respondent agrees the abstract of judgment must be amended and we will order correction of the abstract. We will otherwise reject Dunn's contentions and affirm.

STATEMENT OF FACTS

Since Dunn does not challenge either the admissibility or the sufficiency of the evidence to support his conviction, we need only offer a brief summary of the offense.

It is sufficient to note that Dunn committed a robbery of a Kentucky Fried Chicken restaurant using a knife as a weapon.

DISCUSSION

I

*ADMISSION OF THE PRIOR CONVICTIONS*

Dunn contends the trial court erred in failing to obtain a proper waiver of Dunn's trial rights regarding the prior convictions before accepting his admissions. He argues the record is silent as to the waiver of his rights and thus his admission of the alleged prior convictions should be vacated and the case remanded. Our review of the record demonstrates this is not a "silent record case" and that under current case law there is

2

sufficient information in the record to establish Dunn's decision to admit the prior convictions was knowing and voluntary.

While we will affirm the admission of the priors, we will again lament yet another appeal where the investment of a very few minutes to obtain a clear waiver from the defendant would have avoided the time and costs of a challenge to the admission of prior convictions. Respectfully, the requirement of a personal waiver is clear and of long standing and there is no good reason for trial courts to bypass the requirements. In this case the proof of the prior convictions changes this case from a six-year maximum to an effective 36-year-to-life sentence.

Our lamentations aside, the application of controlling case law leads us to conclude we should not set aside the admissions and remand this case for trial on the priors.

A. Background

When the trial court granted the defense motion to bifurcate the trial on the prior convictions, the court said:

> "All right. Then I will order that the trial of the allegations of prior convictions, including the first and second prison--I'm sorry--first, second and third prison prior, first serious felony prior and strike prior be bifurcated from the trial of the underlying charges. [¶] At some point before the end of the case, I'll simply--or before the jury is discharged, if there is a conviction, I will need to know which of the three options the defendant's going to exercise: Number 1, a jury trial on the priors, a waiver of the jury and a court trial, or an admission, just so I know what to tell the jury. I mean, that's a ways off, but I'll need to know that at some point."

3

After the case was submitted to the jury the court again raised the issue of whether Dunn wished a trial on the alleged prior convictions. The court said:

> " All right. And the only other issue is I will need to know sometime before the jury comes back whether Mr. Dunn wants a jury trial on the allegations of priors or whether he will admit or wants a court trial."

Defense counsel responded: "Your honor, I explained all three options to Mr. Eric Dunn, and he's indicated to me that should there be a guilty verdict, that he would be prepared to admit the prior convictions, so therefore the jury could be discharged." The defendant was present during both of the court's comments on the right to trial on the prior convictions.

Prior to the completion of jury deliberations Dunn admitted each of the alleged prior convictions.

### B. Legal Principles

In 1974 the Supreme Court held that before a person should be permitted to admit alleged prior convictions, the person should be first advised of the right to a jury trial on the prior, the right to confront witnesses and the right to remain silent. (*In re Yurko* (1974) 10 Cal.3d 857, 863.) The defendant could only validly admit the prior convictions if he or she made a knowing, voluntary waiver of those rights. The rule of *Yurko* did not allow for other than full compliance with the waiver requirement.

The court modified its position on admitting prior convictions in *People v. Howard* (1992) 1 Cal.4th 1132, 1175. There the court held that an admission of prior

4

convictions could be upheld if the record demonstrated that the admission was voluntary and intelligent under the totality of the circumstances. (*Id.* at p. 1180.)

The Supreme Court again discussed the process for admission of prior convictions in *People v. Mosby* (2004) 33 Cal.4th 353, 360 (*Mosby*). There the court held it was important that defendants be advised of their rights and voluntarily waive them. However, the court further held that we could review the entire record, together with evidence of the defendant's experience in the criminal justice system, to determine whether the defendant's admissions actually constitute a knowing and voluntary waiver of the trial rights for alleged prior convictions. (*Id.* at p. 361.)

Under the rules established by *Mosby, supra,* 33 Cal.4th 353, we may review the transcripts of the proceedings in this case, as well as the documents from prior proceedings that are part of the record on appeal. (*Id.* at p. 361.)

### C. Analysis

As we have already noted, this is not a silent record case. On two separate occasions the trial court discussed Dunn's options for resolving the allegations regarding prior convictions. Dunn was told he had the options of a jury trial, a court trial or admission of the priors. After the court repeated the options a second time, defense counsel, in Dunn's presence, advised the court that Dunn had decided to admit the prior convictions, which he did the following day. Admittedly, the court did not specifically obtain a waiver from Dunn as would have been required under the *Yurko* decision. (*In re Yurko, supra,* 10 Cal.3d 857.) However, *Mosby, supra,* 33 Cal.4th 353, permits us to review the entire record to determine if the admissions were knowing and voluntary.

5

In this case, Dunn had just completed a jury trial before he admitted the priors. He was certainly aware he could have a jury trial and that he could have counsel confront and cross-examine witnesses. Although Dunn testified at the trial on the robbery charge, he did so over the advice of counsel and we infer he was fully aware of his right to remain silent.

We are also entitled to look at Dunn's criminal history to the extent it is in the record. Unfortunately Dunn has an extensive criminal history. He had pleaded guilty on a number of occasions and his signed change of plea forms are in the record. In each instance he was advised of his trial rights. On the last two convictions before the instant case, Dunn had admitted the then accumulated prior convictions.

In short, we believe the record leaves no doubt that Dunn was aware of his trial rights and that he made an informed decision, with the advice of counsel, to waive those rights and admit the prior convictions. Thus we find the admissions to be valid and reject Dunn's arguments to the contrary.

II

*ABUSE OF DISCRETION*

Dunn requested the trial court to dismiss at least 13 of his strike priors under section 1385 and *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497. The trial court acknowledged its authority to strike priors but declined to do so in light of Dunn's criminal history and the nature of the current offense. The court noted that in 2005, when Dunn was last sentenced for a crime, the trial court did strike 13 of his strike priors but

6

that Dunn had immediately committed a new robbery upon his release from prison. The court said:

> "And so after committing a number of robberies, the defendant had the benefit of a plea agreement where the court--whether lawfully or unlawfully--struck 13 strikes. Now, most people when confronted with a serious crime and who are determined not to reoffend would take the first such offense as an opportunity to demonstrate that they will never offend again. In this case, we have the defendant who was basically given the gift by having 13 strikes stricken in 2005 after he already committed a series of robberies in 1987, and, nonetheless, after being sentenced and getting out, he committed a new string of robberies, the robberies in this case. [¶] I don't think there can be any clearer indication that the defendant has absolutely no respect for the law, so I can't find any language in any of the cases that would justify my striking the strikes in this case based on the defendant's record and the opportunities he's had in the past to demonstrate that he was going to be a law-abiding person. And, again, the strike law doesn't require the new crime to be a serious felony. It so happens it was in this case."

Dunn contends the trial court abused its discretion in declining to dismiss enough of the strike priors to permit imposition of a determinate term. We find the contention to be without merit on this record.

## A. Legal Principles

When a court is requested to dismiss strike priors it must consider the defendant's current offense, the person's criminal history, background and prospects. In short, the court must determine whether the defendant came wholly, or in part, outside the spirit of the Three Strikes law. (*People v. Williams* (1998) 17 Cal.4th 148, 161.)

As a general proposition, sentences imposed pursuant to the three strikes sentencing scheme are presumed rational. The court's decision to decline the strike priors will only be overturned where the court either does not understand the scope of its

7

discretion, or where no reasonable person could disagree that the defendant is really outside the spirit of the law. (*People v. Carmony* (2004) 33 Cal.4th 367, 376-378.)

Although 12 of Dunn's prior robbery convictions arose in 1984, the court was not required to dismiss any of the alleged strikes, because the record shows Dunn has either been in custody, or committing crimes even before 1984. While the age of prior convictions is a factor trial courts can consider, where the defendant has engaged in continuous criminal behavior since the convictions, the passage of time is more than offset by the continued criminality. (*People v. Humphrey* (1997) 58 Cal.App.4th 809, 813; *People v. DeGuzman* (1996) 49 Cal.App.4th 1049, 1054.)

## B. Analysis

The trial court was aware of its discretion to consider dismissing the strike priors. The court was also very aware of Dunn's history of continuous criminal behavior for a lengthy period of time. As the court noted in 2005, a trial court did strike 13 prior convictions in order to avoid an indeterminate sentence for Dunn. Unfortunately, Dunn did not benefit from the relief granted in 2005. Not long after release from custody following the 2005 conviction, Dunn committed yet another robbery using a knife to threaten the victims. Dunn's record demonstrates he has not benefitted from past experiences or from any leniency offered by the courts.

Further, the current crime involved a deadly weapon and threats of violence, all done by a true career criminal. Consistent with the directions of the court in *People v. Williams*, *supra,* 17 Cal.4th 148, the trial court thoroughly examined Dunn's background and prospects and could easily conclude that Dunn is one of the criminals who comes

8

squarely within the spirit of the Three Strikes law. Sadly, he fits the over used term "poster child" for that sentencing scheme.

This is not a close case. The trial court properly exercised its discretion in denying Dunn's request to dismiss his numerous strike priors.

## III

### *THE ABSTRACT OF JUDGMENT*

The abstract of judgment reflects the sentence for count 1 as life with the possibility of parole. As the parties agree, the sentence for robbery, with two or more strike priors is 25 years to life. We will direct the superior court to amend the abstract of judgment accordingly.

### DISPOSITION

The superior court is directed to amend the abstract of judgment to reflect the sentence for count 1, robbery, as 25 years to life and to forward an amended abstract of judgment to the Department of Corrections and Rehabilitation. In all other respects the judgment is affirmed.

HUFFMAN, Acting P. J.

WE CONCUR:

McDONALD, J.

AARON, J.

9